**Jose Orlando MAIRENA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**Nos. 09–72785, 09–74019.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 20, 2011.

*See* Fed. R.App. P. 34(a)(2).

Teresa Salazar–Cosmos, Immigration Practice Group, A Professional Corporation, San Francisco, CA, for Petitioner.

Kevin James Conway, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

In these consolidated petitions for review, Jose Orlando Mairena, a native and citizen of Nicaragua, petitions for review of the Department of Homeland Security's order reinstating his 1995 deportation order under 8 U.S.C. § 1231(a)(5), and the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying his motion to recalendar removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, and review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petitions for review.

■ Contrary to Mairena's contention, reinstatement of his 1995 deportation order was not precluded by 8 C.F.R. § 241.8(d), because Mairena did not show that he filed an application for adjustment of status under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") before April 1, 2000. *See* NACARA, Pub.L. No. 105–100, § 202(a)(1)(A), 111 Stat. 2160, 2193 (1997).

■ The IJ properly construed Mairena's motion to recalendar as a motion to reopen, and did not abuse her discretion in denying that motion as untimely where Mairena filed the motion fourteen years after his in absentia deportation order was entered, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1), and did not assert that he was entitled to equitable tolling of the filing deadline, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003).

**PETITIONS FOR REVIEW DENIED.**